IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Edward W. Nottingham**

Civil Action No. 05–cv–00980–EWN–CBS

GREELEY PUBLISHING COMPANY, a
Nevada corporation doing business as
*Greeley Tribune*,

    Plaintiff,

v.

MARY HERGERT, in her official capacity
as Weld County Public Trustee,

    Defendant.

---

**ORDER AND MEMORANDUM OF DECISION**

---

This matter is before the court on "Defendant Hergert's Motion to Dismiss Plaintiff's Complaint," filed July 11, 2005. Jurisdiction is premised upon federal question, 28 U.S.C. § 1331 (2005), and supplemental jurisdiction, 28 U.S.C. § 1367(a) (2005).[1]

On May 31, 2005, Plaintiff filed a complaint in this court, asserting claims for (1) violation of: (1) 42 U.S.C. § 1983 based on Defendant's deprivation of Plaintiff's rights under the First Amendement, (2) Article II, Section 10 of the Constitution of the State of Colorado, and (3)

---

[1] Plaintiff asserts that jurisdiction is also premised upon 28 U.S.C. § 1344(3), but this court is unaware of any election challenges involving denial of the right to vote in violation of Fifteenth Amendment in this matter.

the Colorado Consumer Protection Act, Colorado Revised Statute Section 6–1–105. (Compl. and Jury Demand ¶¶ 27–52 [filed May 31, 2005] [hereinafter "Pl.'s Initial Compl."].) On July 11, 2005, Defendant filed a motion to dismiss Plaintiff's complaint. (Def. Hergert's Mot. to Dismiss Pl.'s Compl. [filed July 11, 2005] [hereinafter "Def.'s Mot. to Dismiss."].) On July 29, 2005, Plaintiff filed a response to Defendant's motion to dismiss. (Pl.'s Br. in Opp'n to Def. Hergert's Mot. to Dismiss Pl.'s Compl. [filed July 29, 2005] [hereinafter "Pl.'s Resp."].) Subsequently, on August 23, 2005, Plaintiff filed an amended complaint. (First Am. Compl. and Jury Demand [filed Aug. 23, 2005] [hereinafter "Pl.'s Am. Compl."].) On September 6, 2005, Defendant filed a motion to dismiss Plaintiff's amended complaint. (Def. Hergert's Mot. to Dismiss Pl.'s First Am. Compl. [filed Sept. 6, 2005].)

Defendant's motion to dismiss Plaintiff's initial complaint is moot. A pleading that has been amended under Federal Rule of Civil Procedure 15(a) supersedes the pleading it modifies and remains in effect throughout the action unless it is subsequently modified. *Gilles v. United States*, 906 F2d 1386, 1389 (10th Cir. 1990). In the instant case, Plaintiff's amended complaint, (Pl.'s Am. Compl.), supersedes Plaintiff's initial complaint, (Pl.'s Initial Compl.). Therefore, Defendant's motion to dismiss, (Def.'s Mot. to Dismiss), is moot because it is directed at a pleading that is no longer operative.

Based on the foregoing it is therefore

ORDERED that:

Defendant's motion to dismiss is DENIED as moot without prejudice to refiling.

Dated this 12th day of September, 2005.

BY THE COURT:

s/Edward W. Nottingham
EDWARD W. NOTTINGHAM
United States District Judge