IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Edward W. Nottingham**

Civil Action No. 05–cv–00980–EWN–CBS

GREELEY PUBLISHING COMPANY, a
Nevada corporation doing business as
*Greeley Tribune*,

    Plaintiff,

v.

MARY HERGERT, in her official capacity
as Weld County Public Trustee,

    Defendant.

## ORDER DENYING STAY, OVERRULING OBJECTIONS, AND AFFIRMING RULING OF UNITED STATES MAGISTRATE JUDGE

    The matter is before the court on Defendant's second variation of the same theme. Specifically, Defendant objects to the magistrate judge's refusal to stay all discovery (#58) pending this court's ruling on Defendant's motion to dismiss the amended complaint and asks this court to stay the magistrate judge's order pending its ruling (#59). The court sees no persuasive reason to vary from the conclusion it reached when the same issue was presented on September 7, 2005 (#38).

The standard of review which this court employs in considering a magistrate judge's submissions depends upon whether the motion before the court and magistrate judge is viewed as dispositive or non-dispositive. Under Rule 72(a) of the Federal Rules of Civil Procedure, a district court may reverse a magistrate judge's decision on a non-dispositive matter only if the decision is found to be "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). *See also* 28 U.S.C.A. § 636(b)(1)(A) (2004)  Under the clearly erroneous standard of review, the magistrate judge's finding should not be rejected merely because the court would have decided the matter differently. *Anderson v. City of Bessemer*, 470 U.S. 564, 573, 105 S. Ct. 1504, 1511 (1985). Rather, the district court must affirm the decision of the magistrate judge unless the district court, "on the entire evidence[,] is left with the definite and firm conviction that a mistake has been committed." *Id.* at 1464 (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395, 68 S. Ct. 525, 542 [1948]).

In this court's view, Defendant's challenge to the magistrate judge boils down to a quarrel about the most efficient, effective, and speedy way to manage this case, a question which lies squarely within the magistrate judge's discretion. The magistrate judge does not take issue with the unassailable proposition that a public official enjoys qualified immunity from suit for money damages, provided that the official does not violate clearly established law. Nor does the magistrate judge's ruling challenge Defendant's contention that, when the defense of qualified immunity is asserted, a defendant is ordinarily entitled to a stay of discovery and other proceedings directed to the underlying conduct for which immunity is claimed. The magistrate judge's ruling, rather, simply allows discovery to proceed on claims and issues on which no claim

of qualified immunity is (or could be) based — namely, the claim for prospective injunctive relief. Thus, the considerable body of case law granting stays pending resolution of a qualified immunity issue is simply inapplicable here.

It is true, but irrelevant, (1) that there is a motion to dismiss all claims for relief and (2) that the conduct underlying the claim for prospective injunctive relief may substantially overlap the conduct on which a damage-type claim could be based. It is irrelevant because no defense of qualified immunity has been made with respect to the prospective injunctive relief. If the motion to dismiss that claim is eventually granted, it will not be because Defendant is entitled to qualified immunity but because (in the words of Defendant's brief) the claim "violates state law, is unmanageable, and because Plaintiff has an adequate remedy at law." Thus, Defendant is in the same position as any defendant who files a motion to dismiss and then asks for a stay of discovery on the presumptive theory that the granting of its motion will obviate the need for discovery or other proceedings. The judicial officer must make a discretionary decision on such requests, taking into account the facial merit of the motion, the likely ruling on the motion, and the case delay which would occur if the filing of the motion stayed all further proceedings until ruling on the motion. This court is in agreement with the magistrate judge's implicit conclusion that the motion to dismiss the claim for prospective injunctive relief, like most motions to dismiss, will probably be denied and that the claim will survive. The magistrate judge thus made a common-sense determination that discovery on the claim should proceed, so that when the court issues its likely ruling on the motion, the case will not have suffered months of delay in the meantime.

It may also be, as Defendant asserts, that the same conduct underlies all claims and that there will be significant overlap of discovery. If the discovery is relevant to a claim which is ultimately likely to go forward, however, (such as the claim for injunctive relief), then nothing is to be gained by delaying that discovery just because it may also be relevant to claims for which Defendant asserts qualified immunity and seeks a stay. Stated otherwise, the fact that Defendant would be entitled to a stay of discovery if it were directed solely to certain claims does not support a stay if the discovery is also relevant to other claims. The magistrate judge's ruling clearly suggests a willingness to consider future discovery issues and stay discovery going solely to claims for which qualified immunity is asserted. The only thing he has rejected is Defendant's claim for an omnibus stay. This is well within his discretion.

For reasons stated herein, it is

**ORDERED** as follows:

1. Defendant's objections (#58) to the magistrate judge's order are OVERRULED, and the magistrate judge's decision (#56) is AFFIRMED and adopted as this court's decision on the matter.

2. The motion for stay pending ruling on the magistrate judge's order (#59) is DENIED.

Dated this 31st day of October, 2005.

                       BY THE COURT:

                       /s/ Edward W. Nottingham
                       EDWARD W. NOTTINGHAM
                       United States District Judge