IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-00980-EWN-CBS

GREELEY PUBLISHING COMPANY, a Nevada corporation doing
business as *Greeley Tribune*,

    Plaintiff,

v.

MARY HERGERT, in her official and individual capacities as Weld
County Public Trustee,

    Defendant.

---

## STIPULATED PROTECTIVE ORDER

---

Upon stipulation of counsel for Plaintiff Greeley Publishing Company, doing business as the *Greeley Tribune* ("*Tribune*"), and counsel for Defendant Mary Hergert ("Hergert"), and upon finding good cause for a Protective Order under Rule 26(c) of the Federal Rules of Civil Procedure because the Parties have indicated that such is necessary, appropriate and will facilitate discovery,

    IT IS HEREBY ORDERED THAT:

    1.    Any Party or non-party producing material or information in this litigation ("Producing Party") may designate such material or information as "Highly Confidential" in which case such material or information shall be treated by any other Party or non-party receiving such material or information ("Receiving Party") in accordance with the terms of this Protective Order.

    2.    The term "Highly Confidential" may be applied only to such highly

confidential materials or information not known to the general public that the Producing Party in good faith considers to consist or contain particularly sensitive financial information; as well as such other documents, information or materials that relate to other proprietary information within the meaning of Federal Rule of Civil Procedure 26(c)(7) that the Producing Party reasonably believes is of such nature and character that disclosure of such information would cause serious injury to the Producing Party. The Producing Party shall designate material or information as Highly Confidential in the manner described in Paragraphs 5, 6, 11, 12, 13, 19 or 20 of this Protective Order.

    3.    "Qualified Person," as used herein, shall mean:

        a.    outside counsel of record in this case, together with other attorneys at the firm(s) of outside counsel of record, and their employees including paralegal, secretarial, photocopying, document imaging, data entry, data processing, drafting, graphics, stenographic reporting, or clerical personnel, and also including Cyndy Giauque, Esq., of the County Attorney's Office of Weld County;

        b.    one corporate representative of the plaintiff;

        c.    the defendant herself;

        d.    subject to the conditions set forth in paragraph 8, any independent technical or financial expert, independent consultant, or independent testing personnel and their employees serving any attorneys identified in Paragraph 3(a) for purposes of this case, who shall first have executed the UNDERTAKING annexed hereto as Exhibit A;

        e.    any independent paralegal, secretarial, photocopying, document imaging,

       data entry, data processing, drafting, graphics, stenographic reporting or clerical personnel serving such attorneys identified in Paragraph 3(a) for purposes of this case;

f. any court reporter or videographer employed or retained by a party for purposes of transcribing and/or recording a deposition or inspection of premises;

g. the Court and its personnel;

h. subject to the conditions set forth in paragraphs 8, non-technical jury or trial consulting services retained by outside counsel, as well as individual mock juror or focus group participant who might be engaged by the jury/trial consulting services, each of whom shall first have executed the UNDERTAKING annexed hereto as Exhibit A. No other person shall become a Qualified Person without prior leave of Court or prior written consent of the Producing Party.

4. Highly Confidential Information shall be disclosed only to a Qualified Person as specified in paragraphs 3(a)-(h), shall be retained by them in strictest confidence, shall only be used for purposes of the litigation and trial of this action (including appeals), and shall not be disclosed to any person not specified in paragraphs 3(a)-(h) without the prior written consent of the Producing Party or of the Court. All Highly Confidential Information obtained by a Qualified Person shall be carefully maintained so as to preclude access by anyone who is not a Qualified Person under paragraphs 3(a)-(h).

5. Any document or portion thereof, including any transcript, exhibit, answer to interrogatory, information revealed during depositions upon oral or written examination, other

discovery request or response, affidavit, declaration, brief, memorandum, or any other paper and any physical object, recording, or thing that a Producing Party believes to contain Highly Confidential Information, shall be so designated by stamping or otherwise applying on each page containing Highly Confidential Information an appropriate designation, in which case such designated document and the information contained therein shall be treated in accordance with the terms of this Protective Order. Nothing in this Protective Order constitutes an admission of a Party that any information designated as "Highly Confidential" by a Producing Party does in fact constitute a trade secret or proprietary information or constitutes an agreement or admission with respect to the competency, relevance, or materiality of any such information.

6.  All Highly Confidential Information not reduced to documentary, tangible, or physical form or which cannot be conveniently designated pursuant to Paragraph 5 shall be designated by the Producing Party by informing all Receiving Parties in writing.

7.  Highly Confidential Information may not be used in, or to form the basis for, any other proceeding or litigation. Highly Confidential Information may be disclosed in response to a lawful subpoena issued in connection with grand jury proceedings, other criminal proceedings, or in civil proceedings, but only if notice and a copy of the subpoena are provided to the Producing Party by e-mail or facsimile transmission or overnight mail at least ten (10) business days in advance of such anticipated disclosure. Should the person seeking access to Highly Confidential Information take action against the Receiving Party or anyone else covered by this Protective Order to enforce such a subpoena, demand or other legal process, the Receiving Party shall respond, at a minimum, by setting forth the existence of this Protective Order. Nothing herein shall be construed as requiring the Receiving Party or anyone else covered by this Protective Order to challenge or appeal any order requiring production of Highly

Confidential Information covered by this Protective Order, or to subject itself to any penalties for noncompliance with any legal process or order, or to seek any relief from this Court.

8.      All Qualified Persons, other than those designated in paragraphs 3(a), (b), (c), (e), (f), and (g), shall be given a copy of this Protective Order prior to being shown any Highly Confidential Information. Each such person, prior to having access to said Highly Confidential Information, shall execute the UNDERTAKING annexed hereto as EXHIBIT A and thereby agree not to disclose any Highly Confidential Information to anyone who is not a Qualified Person, shall agree not to make use of any such Highly Confidential Information other than for the purpose of this litigation, and shall agree to be subject to the jurisdiction of the United States District Court for the District of Colorado with respect to any issue arising out of this Protective Order.

9.      In the event that counsel for a Party deems it necessary to disclose any Highly Confidential Information of a Producing Party to any person not specified as a Qualified Person, said counsel shall notify counsel for the Producing Party in writing of (a) the information or documents to be disclosed, (b) the person(s) to whom such disclosure is to be made, and (c) the reason(s) for such disclosure, and shall attempt to reach agreement regarding such disclosure. If agreement cannot be reached, the Party wishing to make such disclosure shall file an appropriate motion with the Court. In the event of such motion, the Court shall rule as to whether such disclosure may be made at all and, if so, whether any restriction or limitation shall be placed on such disclosure.

10.     Should any Highly Confidential Information be disclosed, through inadvertence or otherwise, to any person not authorized pursuant to the terms of this Protective Order, the party making such inadvertent disclosure shall (a) use its best efforts to obtain the

return of any such Highly Confidential Information; (b) promptly inform such person of all provisions of this Protective Order; (c) identify such person immediately in writing to the Party or third party that designated the Highly Confidential Information; and (d) request such person to sign an UNDERTAKING in the form attached hereto as EXHIBIT A. The executed UNDERTAKING shall promptly be served upon counsel of record for the Party or upon the party that designated the Highly Confidential Information. Execution of an UNDERTAKING under such circumstances shall in no way serve to convert the person signing such UNDERTAKING into a Qualified Person.

11. Counsel for a Producing Party may redact specific material which the Producing Party believes, in good faith, is subject to the attorney-client privilege, work product immunity, or other legally cognizable privilege, immunity or protection. The deletion of all material redacted shall be clearly indicated by visibly marking the document with the word "REDACTED" or with a solid black line where material has been deleted.

12. The parties are cognizant of the public nature of records filed with the Court, and no document designated as "Highly Confidential" pursuant to this Order shall be filed with the Court until after the parties have met and conferred regarding whether the document satisfies the requisite test for filing under seal or whether, instead, it should be redesignated as non-confidential for purposes of filing with the Court. Subject to the procedures outlined under D.C. Colo. L. Civ. R. 7.1, the following additional procedure applies only as to those documents that the Producing Party, after meeting and conferring with the opposing party, continues to believe in good faith satisfies the applicable test for sealing or redaction: Documents that the Producing Party continues to believe contain Highly Confidential Information shall be filed in the public court file in redacted form, with only the Highly Confidential Information redacted,

and the unredacted versions of the documents shall be filed in sealed envelopes or other sealed containers that are marked with the caption of the litigation, that identify each document and thing contained therein, and that bear a statement substantially in the following form:

FILED UNDER SEAL
CONTAINS CONFIDENTIAL INFORMATION – HIGHLY CONFIDENTIAL
SUBJECT TO A PROTECTIVE ORDER
This envelope contains confidential information
and is not to be opened, nor the contents thereof
displayed or revealed, except by order of the Court.

13. Any Party or non-party may designate all or portions of a witness' deposition testimony as Highly Confidential, to the extent such testimony contains information meeting the requirements of Paragraph 2 above. Such designations must be made either orally, on the record at the deposition, or in writing before ten (10) days have expired from receipt of the transcript thereof. Until notice of such a designation is made, no portion of any deposition testimony will be treated as Highly Confidential. Upon receipt of a notice that all or a portion of a witness' deposition testimony is Highly Confidential Information, the parties shall mark all copies of the transcript of the deposition within their possession, custody or control by placing the appropriate designation upon the cover of the transcript. Thereafter, deposition testimony designated as Highly Confidential Information shall be treated in accordance with the terms of this Protective Order until further order of the Court. If deposition testimony is disclosed to someone other than a Qualified Person prior to receipt of notice of a designation as Highly Confidential Information, the procedures for an inadvertent disclosure in Paragraph 10 will be followed.

14. If Highly Confidential Information is to be the subject of examination in deposition of a non-party witness who is not a Qualified Person or who is not a person otherwise

is permitted to have access to the Highly Confidential Information, the following procedures shall apply: Highly Confidential Information shall not be provided to any such person without the Producing Party's prior written consent or oral consent during a deposition on the record, or without permission by the Court upon notice and motion.

15. Nothing herein shall be construed as preventing (a) a Producing Party from disclosing Highly Confidential material that it has so designated in any manner it chooses, so long as the material has not also been so designated by another Party or non-party; (b) any Party from using or continuing to use any information that, at the time of the disclosure, is publicly known through no unauthorized act of such Party, or (c) a Party from using or continuing to use any information known or used by it if such information was lawfully obtained by the Party other than through discovery of the Producing Party. Should a dispute arise as to any specific information or material, the burden shall be upon the Party that designated such information or material to show the need for maintaining the Outside Attorney's Eyes Only designation.

16. Nothing herein shall prevent any Party from contending, during the progress of this litigation, that any or all material or information designated "Highly Confidential" is not, in fact, confidential. Any Party may request any Producing Party that designated information as Highly Confidential Information to remove that designation. Such a request shall be in writing, stating the grounds therefor, and shall be served on counsel for the Producing Party who designated the information as Highly Confidential Information. The requested change shall occur unless, within fifteen (15) calendar days after receipt of such notice, an objection for good cause is served on the Party requesting removal of the Highly Confidential Information designation. That objection may thereafter be resolved by agreement or by the

Court. The Producing Party shall have the burden of establishing the need for maintaining the "Highly Confidential" designation by showing good cause therefore under Fed. R. Civ. P. 26(c).

17. Nothing in this Protective Order shall require a Party to challenge the propriety of any "Highly Confidential" designation at the time such designation is made, and failure to do so shall not preclude a subsequent challenge thereto. However, the Producing Party may, by proper motion, request that the portion of such proceeding where use thereof is to be made be held *in camera* with access thereto limited to Qualified Persons or otherwise as appropriate under this Protective Order. To the extent that the Court grants any such request, such Highly Confidential Information shall continue to be treated in accordance with the terms of this Protective Order.

18. The inadvertent or unintentional failure by a Producing Party to designate specific documents or information as containing Highly Confidential Information shall not be deemed a waiver in whole or in part of the Producing Party's claim of confidentiality as to such documents or information. The Producing Party may give written notice to all Receiving Parties that a document or information so produced is deemed Highly Confidential Information and that the document or information should be treated accordingly. Upon receipt of such written notice of such failure to designate, all Receiving Parties shall re-mark the documents and things with the appropriate level of confidentiality or return said documents and things to the Producing Party and not retain copies thereof for replacement by appropriately marked documents and things. Any summaries or notes of the documents or things lacking the proper confidentiality designation shall be treated as Highly Confidential Information, as designated by the Producing Party.

19. When a Producing Party produces files and records for inspection, no

marking need be made in advance of the inspection. For purposes of the initial inspection, all documents or information in any files made available shall be considered marked as Highly Confidential. Thereafter, upon selection of specified documents for copying by the inspecting party, the Producing Party shall mark the copies of such documents with the appropriate confidentiality marking at the time that the copies are produced to the Receiving Party.

20. Making documents or other information available for inspection shall not, by itself, constitute a waiver by the Producing Party of any claim of confidentiality, but delivery of documents and things to a Receiving Party without designating such as Highly Confidential Information shall constitute waiver of any claim of confidentiality, except where such delivery resulted from inadvertence or mistake on the part of the Producing Party and such inadvertence or mistake is thereafter brought to the attention of the Receiving Party promptly after discovery by the Producing Party. Upon receipt of written notice of inadvertence or mistake, the documents or things inadvertently or mistakenly produced shall be treated by the Receiving Party in accordance with Paragraph 18.

21. On final resolution of this litigation (whether through settlement or exhaustion of all available appeals following entry of judgment), each Party and other person subject to the terms hereof shall, within sixty (60) calendar days, assemble and destroy or return to the Producing Party all materials, documents and things constituting Highly Confidential Information, all copies, summaries and abstracts thereof and all other materials, memoranda or documents constituting or containing Highly Confidential Information. If destroyed, such Party or person shall certify to the Producing Party, within sixty (60) calendar days, the destruction of all such materials. Outside counsel of record for each Party may retain archive copies of pleadings, motion papers, written discovery responses, in addition to one set of documents

produced by any Party or non-party and correspondence that include Highly Confidential Information.

22. This Protective Order shall survive the termination of this litigation.

23. Nothing in this Protective Order shall be construed as a waiver by any Party of its right to object to the subject matter of any request for production of documents in this action, nor as a waiver by any other Party of the first Party's obligation to make proper response to discovery requests.

24. Nothing in this Protective Order shall be construed as a waiver by any Party of any objections that might be raised as to admissibility at trial of any evidentiary materials.

25. It is not the intent of the Parties, nor of the Court, that an attorney or law firm that acquires knowledge of, or is given access to, Highly Confidential Information pursuant to this Protective Order should thereby be disqualified from other representations adverse to the Producing Party solely because of such knowledge or access.

26. Any Party may, on motion for good cause shown, seek a modification of this Protective Order. No modification of this Protective Order that adversely affects the protection of any document produced or given by a non-party in this case shall be made without giving to that non-party appropriate notice and opportunity to be heard by the Court.

DATED at Denver, Colorado, this 18th day of January, 2006.

BY THE COURT:

*s/Craig B. Shaffer*
Craig B. Shaffer
United States Magistrate Judge

| | |
|---|---|
| Dated: January 11 , 2006 | Dated: January _11__, 2006 |
| For the plaintiff: | For the defendant: |
| By /s/ Christopher P. Beall | By /s/ Jennifer L. Veiga |
| Thomas B. Kelley | Jennifer L. Veiga |
| Steven D. Zansberg | Thomas J. Lyons |
| Christopher P. Beall | HALL & EVANS, LLC |
| Jennifer D. Collins | 1125 Seventeenth Street, Suite 600 |
| FAEGRE & BENSON LLP | Denver, Colorado 80202 |
| 3200 Wells Fargo Center | Tel.: (303) 628-3300 |
| 1700 Lincoln Street | Fax: (303) 628-3368 |
| Denver, Colorado 80203 | E-mail: veigaj@HallEvans.com |
| Telephone: (303) 607-3500 | lyonst@HallEvans.com |
| Facsimile: (303) 607-3600 | |
| E-mail: cbeall@faegre.com | |
| Attorneys for **GREELEY PUBLISHING COMPANY** | Attorneys for **MARY HERGERT**, in her official capacity |

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-00980-EWN-CBS

GREELEY PUBLISHING COMPANY, a Nevada corporation doing business as *Greeley Tribune*,

    Plaintiff,

v.

MARY HERGERT, in her official and individual capacities as Weld County Public Trustee,

    Defendant.
_____

**UNDERTAKING**
_____

    I, _____ declare and affirm as follows:

    1. My current address is _____ _____. My current employer is _____. My current occupation is _____.

    2. I have received a copy of the Stipulated Protective Order in this action. I have carefully read and understand the provisions of the Stipulated Protective Order.

    3. I will comply with all of the provisions of the Stipulated Protective Order. I will hold in confidence, will not disclose to anyone not qualified under the Stipulated Protective Order, and will use only for purposes of this action any Highly Confidential Information that is disclosed to me.

4. Promptly upon termination of this action, I will return all Highly Confidential materials that came into my possession, and all documents and things that I have prepared relating thereto, to the outside attorney for the party by whom I am employed or retained, or who noticed my deposition.

5. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Stipulated Protective Order in this action.

I declare under penalty of perjury that the foregoing is true and correct.


Dated: _____ Signed: _____