IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-00980-EWN-CBS

GREELEY PUBLISHING COMPANY,
a Nevada corporation doing business as *Greeley Tribune*,

      Plaintiff,

v.

MARY HERGERT, in her official
capacity as Weld County Public Trustee,

      Defendant.

---

# MEMORANDUM ORDER REGARDING PLAINTIFF'S
# MOTION FOR SANCTIONS PURSUANT TO RULE 11(c)(1)(A)

---

Magistrate Judge Craig B. Shaffer

Pending before the court is Plaintiff Greeley Publishing Company's Motion for Sanctions Pursuant to Rule 11(c)(1)(A) [Document # 50], filed on October 11, 2005. Plaintiff filed the Motion for Sanctions in the wake of Defendant Hergert's Motion for Stay of Proceedings Pending Determination of Eleventh Amendment Immunity [Document # 37], dated September 6, 2005. Defendant filed her Response to Plaintiff's Motion for Sanctions [Document # 62] on November 7, 2005. Ms. Hergert then filed a Supplement to Her Response [Document # 73] on November 17, 2005. Greeley Publishing Company filed its Reply in Support of Motion [Document # 79] on December 2, 2005, and a further Supplement to its Reply [Document # 83] on January 1, 2006. Defendant Hergert fired a final volley on February 3, 2006 with her

Response to Plaintiff's Supplement to its Reply [Document # 94].

The court has reviewed the motion, the parties' briefs, the related exhibits, the entire case file, and the applicable law and is sufficiently advised in the premises. For the reasons discussed below, Plaintiff's Motion for Sanctions Pursuant to Rule 11(c)(1)(A) is denied.[1]

**I.      Background.**

On August 23, 2005, the Greeley Publishing Company filed its First Amended Complaint seeking monetary and injunctive relief, and alleging that Ms. Hergert had infringed on Plaintiff's free speech rights and engaged in a campaign of deceptive trade practices in retaliation for an adverse editorial and Plaintiff's news coverage. Plaintiff contends that Ms. Hergert "rescinded her prior policy of publishing the Public Trustee's legal advertising in the *Greeley Tribune* . . . and . . . willfully and wantonly distributed a series of false or deceptive notices that disparage and falsely represent the advertising rates or advertising practices of the *Greeley Tribune* and its sister publication, the *Windsor Tribune*." Plaintiff asserts its claims against Defendant in her official capacity as the Weld County Public Trustee.

On September 6, 2005, Defendant filed her Motion to Dismiss Plaintiff's First Amended Complaint, arguing, in part, that the Eleventh Amendment affords her immunity from the 42 U.S.C. § 1983 claim for damages asserted against her in her official capacity. Ms. Hergert's motion characterized as an issue of first impression the question of "whether the Office of Public

---

[1] "The penalty to be imposed, rather than the penalty sought by the movant, controls the scope of the magistrate's authority" for purposes of Rule 72 of the Federal Rules of Civil Procedure. *Gomez v. Martin Marietta Corp.*, 50 F.3d 1511, 1519 -1520 (10th Cir. 1995) (citing 7 James W. Moore et al., *Moore's Federal Practice,* ¶ 72.04[2.-4], at 72-66 (2d ed. 1994).

2

Trustee is an arm of the state for Eleventh Amendment purposes." *See* Defendant's Motion to Dismiss, at 9.  Defendant's motion devoted approximately nine pages to her Eleventh Amendment argument and cited a number of statutes and reported decisions, both for and against the arguments she was advancing.

Concurrent with her Motion to Dismiss, Ms. Hergert filed a Motion for Stay of Proceedings Pending Determination of Eleventh Amendment Immunity.  This motion argued that "clear precedent from the United States Supreme Court and the lower federal courts" supported the requested stay of all discovery and other pretrial proceedings pending a determination of Ms. Hergert's assertion of Eleventh Amendment immunity.  *See* Defendant's Motion for Stay, at 2. Defendant readily conceded that "the Eleventh Amendment provides immunity from suit in federal court with respect to money damages only" and acknowledged that Greeley Publishing Company's First Amended Complaint also included a demand for prospective injunctive relief. However, Hergert stated that she was unaware of any

> Tenth Circuit or Supreme Court authority that addresses application of a stay under the Eleventh Amendment when claims for both money damages and prospective injunctive relief under federal law are asserted.  Defendant Hergert is aware of one opinion from the United States District Court for the District of Kansas, *Howse v. Atkinson*, 2005 U.S. Dist. LEXIS 7511, in which a stay pursuant to the Eleventh Amendment and qualified immunity was granted where claims were brought pursuant to § 1983 and state law, and where not all parties were entitled to a stay.  In *Howse*, the court noted the appropriateness of staying discovery until a pending motion is decided "where the case is likely to be finally concluded as a result of the ruling thereon: where the facts sought through uncompleted discovery would not affect the resolution of the motion; or where discovery on all issues of the broad complaint would be wasteful and burdensome.

*See* Defendant's Motion for Stay of Proceedings, at 3.

In its Response to Defendant's Motion for Stay of Proceedings, filed on September 26,

2005, Greeley Publishing Company argued that Ms. Hergert had failed to cite any "controlling case law" requiring or authorizing a broad stay of all discovery in a case involving claims of Eleventh Amendment immunity. Notably, Plaintiff dismissed the *Howse* decision as "easily distinguishable." Greeley Publishing Company reasoned that "in contrast to the situation in *Howse*, where the trial court issued its ruling on the immunity defenses within one week of the issuance of the stay . . . no such speedy resolution is likely here." *See* Plaintiff's Response to Defendant's Motion for Stay, at 10.

On October 11, 2005, Plaintiff filed the instant Motion for Sanctions. Greeley Publishing Company argues "[t]here is no basis whatsoever, let alone a colorable basis, in fact or law for Hergert to claim that her office is an arm of the State of Colorado, and even less to seek a stay of all discovery." *See* Plaintiff's Motion for Sanctions, at 2. Plaintiff contends that there is no basis whatsoever for Defendant's argument that her office is an arm of the State of Colorado. Ms. Hergert concedes that the Office of Weld County Public Trustee receives no funds from the State of Colorado, and that no state funds would be used to satisfy a judgment in this case. Plaintiff contends that this concession undermines Defendant's Eleventh Amendment defense. Therefore, there is no factual basis for Ms. Hergert's assertion that she is an arm of the state. Further, Greeley Publishing Company repeats its argument that the Eleventh Amendment does not bar Plaintiff's claim for injunctive relief for constitutional violations under 42 U.S.C. § 1983. *See Ex Parte Young,* 209 U.S. 123 (1908). As a result, Plaintiff argues, it is frivolous to request a complete stay of discovery on Eleventh Amendment grounds because the claim for injunctive relief will proceed regardless of the ruling on immunity.

On October 20, 2005, this court held a hearing on Defendant's Motion for Stay. At the

outset of that hearing, the parties advised the court that Greeley Publishing Company previously had served interrogatories and requests for production, as well as deposition notices on three non-parties. Plaintiff's counsel acknowledged that his client's discovery efforts were intended, in part, to develop factual information that might be germane to Eleventh Amendment issues that may be addressed in a future motion for summary judgment. During the October 20th hearing, Ms. Hergert's counsel again conceded that the Eleventh Amendment would not bar a claim for prospective injunctive relief. However, defense counsel noted there was little case law addressing the issue of a stay of discovery under the Eleventh Amendment where both money damages and prospective injunctive relief were sought. Counsel reasoned that a complete stay of discovery was appropriate in the latter situation because

> there's no way to differentiate factually these claims and divvy up discovery that way. And it would be highly inefficient to have, as I pointed out previously, two tracks of discovery going forward to that point.

*See* Transcript of Proceedings on October 20, 2005, at 10-11.

While acknowledging the legal arguments raised by Ms. Hergert and her legitimate desire to avoid unnecessary discovery burdens, the court concluded that the decision in *Howse v. Atkinson* could not be read so broadly as to stay all discovery simply because Defendant had asserted an Eleventh Amendment defense to a damages claim. According, I made the following ruling at the conclusion of the October 20th hearing:

> I am going to deny the motion to stay to the extent that the motion for stay seeks to stay all discovery. That sweeps too broadly. I will allow discovery to go forward. To the extent that Ms. Hergert believes she has received written discovery that is uniquely and solely directed to a claim of damages, she may assert whatever remedies she believes are appropriate under [Rule] 26(c). To the extent that the discovery that is sought by the plaintiff would be applicable both to a damage claim and to injunctive relief, I will allow that discovery to go forward.

*See* Transcript of Proceedings on October 20, 2005, at 44.

**II.   Standard of Review**.

Rule 11 provides that by signing and filing a pleading, written motion, or other paper, counsel is certifying that to the best of his or her knowledge, information or belief, formed after a reasonable inquiry: (1) the filing is not presented for any improper purpose, (2) that any legal arguments, claims or defenses are warranted by existing law or a non-frivolous argument for the extension, modification or reversal of existing law, and (3) that any allegations or factual contentions have evidentiary support, or "if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery." *See* Fed.R.Civ.P. 11(b).[2]  *See also Trierweiler v. Croxton & Trench Holding Corp.*, 90 F.3d 1523, 1540 (10th Cir. 1996).

Rule 11 imposes a standard of objective reasonableness, which asks the trial court to determine "whether a reasonable and competent attorney would believe in the merit of an argument." *See Dodd Insurance Services., Inc. v. Royal Insurance Company of America*, 935 F.2d 1152, 1155 (10th Cir. 1991). *See also Bridge Publications, Inc. v. F.A.C.T.Net, Inc.*, 183 F.R.D. 254, 263 (D. Colo. 1998) (denying motion for sanctions after determining that defendant's

---

[2]Rule 11 imposes certain procedural requirements on parties seeking sanctions. A party must submit the motion for sanctions separately from other motions or requests and specifically describe the conduct that allegedly violates Rule 11(b). The party must serve the motion on the opposing party. If, after 21 days, the offending party does not withdraw the challenged conduct, the party seeking sanctions may file its motion for sanctions with the court. *See* Fed.R.Civ.P. 11(c)(1)(A). It is undisputed that Greeley Publishing Company fully complied with the procedural requirements of Rule 11 prior to filing its motion.

affirmative defenses were not unreasonable under the circumstances).  A Rule 11 violation occurs where it is patently clear that a claim has absolutely no chance of success under the existing precedents, and where no reasonable argument can be advanced to extend, modify, or reverse the law as it stands.  *Harrison v. Luse,* 760 F. Supp. 1394, 1399 (D. Colo. 1991).  Rule 11 sanctions will not require a finding of subjective bad faith on the part of the offending counsel.  *Cf. Scott v. Boeing Co.*, 204 F.R.D. 698, 700 (D. Kan. 2002) (noting that an attorney's subjective good faith belief in the merits of an argument will not suffice to satisfy the standard of objective reasonableness).

> In assessing the appropriateness of levying monetary sanctions, as opposed to a simple reprimand, courts . . . have considered: (1) the willfulness of counsel's conduct; (2) whether the conduct was part of a pattern; (3) whether counsel engaged in past similar conduct; (4) whether the conduct was intended to injure; (5) what effect the conduct had on the time or expense of litigation; and (6) the type of sanction sufficient to deter a repetition of such conduct.

*In re Cendant Corporation Derivative Action Litigation*, 96 F. Supp.2d 403, 407-08 (D. N.J. 2000), quoting *Shepherdson v. Nigro*, 179 F.R.D. 150, 153 (E.D. Pa. 1998).  In reviewing a decision to impose Rule 11 sanctions, the appellate court applies an abuse of discretion standard.  *Coffey v. Healthtrust, Inc.*, 955 F.2d 1388, 1393 (10th Cir. 1992).

However, Rule 11 is not intended to deter cases of first impression or preclude arguments raised in the absence of binding precedent.  *See, e.g., Baker v. Alderman,* 158 F.3d 516, 524 (11th Cir. 1998); *American State Bank v. Pace*, 124 F.R.D. 641, 648-49 (D. Neb. 1987).  *See also Vanover v. Cook*, 77 F. Supp.2d 1176, 1177 (D. Kan. 1999) (noting that "[w]here the law is arguably unclear, Rule 11 sanctions should not be imposed").  This court is also mindful that Rule 11 sanctions are an extraordinary remedy.  Rule 11 is intended to discourage frivolous litigation,

not to punish litigants. *Brown v. Pierce Mfg., Inc.,* 169 F.R.D. 118, 119 (E.D. Wis.1996). "Rule 11 sanctions are designed to discourage dilatory or abusive tactics and help to streamline the litigation process by lessening frivolous claims or defenses." *Massengale v. Ray*, 267 F.3d 1298, 1302 (11th Cir. 2001). *But see Watson v. City of Salem*, 934 F. Supp. 666, 667 (D. N.J. 1996) (in seeking to deter wrongful attorney conduct, Rule 11 is not meant to serve as a general fee shifting provision).

Another court has correctly identified the competing interests that must be acknowledged in addressing any motion for sanctions under Rule 11.

> On the one hand, the perception underlying the Rule is that on occasion attorneys engage in litigation tactics so vexatious as to be unjustifiable even within the broad bounds of our adversarial system, and that neither the other parties nor the courts should have to abide such behavior or waste time and money coping with it. On the other hand, both the Rule itself and our application of the Rule recognize that our system of litigation *is* an adversary one, and that presenting the facts and law as favorably as fairly possible in favor of one's client is the nub of the lawyer's task.

*United National Insurance Co. v. R&D Latex* Corp., 242 F.3d 1102, 1115 (9th Cir. 2001) (internal citations omitted). A Rule 11 motion for sanctions should never be employed as a means to achieve some tactical advantage.

**III.   Analysis.**

As a threshold matter, it bears noting that Defendant Hergert's Motion to Dismiss Plaintiff's First Amended Complaint has not been referred to this court. Consequently, I have no reason to address the merits of her Eleventh Amendment immunity defense and nothing in this Order should be construed as expressing any views on the ultimate disposition of that motion.

My charge with respect to Plaintiff's Motion for Sanctions is quite narrow.  In order to impose sanctions under Rule 11(b), this court must determine whether Ms. Hergert's request to stay all discovery was presented for "any improper purpose" or whether Defendant's motion advanced a frivolous legal position in whole or in part.  I conclude that both of these questions should be answered in the negative.

While I was not persuaded by Ms. Hergert's reliance on *Howse*, it is clear that defense counsel made reasonable inquiries into the applicable case law and carefully considered her legal arguments.  *Cf. Ridge v. United States Postal Service*, 154 F.R.D. 182, 184 (N.D. Ill. 1992) (legal contentions are "frivolous" under Rule 11 where a party fails to make reasonable inquiry into the governing law or relevant facts of the case); *Bolden v. Morgan Stanley & Co., Inc.*, 765 F. Supp. 830, 834 (S.D.N.Y. 1991) (for purposes of Rule 11, the term "frivolous" describes a filing that is both baseless and made without reasonable and competent inquiry).  "Litigants misuse [Rule 11] when sanctions are sought against a party or counsel whose only sin was being on the unsuccessful side of a ruling or judgment."  *In re Cendant Corporation Derivative Action Litigation,* 96 F. Supp.2d at 406.

During the October 20th hearing, this court noted the relative paucity of judicial precedents addressing motions to stay discovery in the context of an Eleventh Amendment defense.  Based upon my independent research, which identified only four reported decisions that might be pertinent and only one decision, *Howse v. Atkinson,* that offered any extended analysis, I concluded that Ms. Hergert's motion to stay required me to write "on a blank slate."  *See* Transcript of October 20, 2005 Proceedings, at 17.  *Cf. Azurite Corp. Ltd. v. Amster & Co.*, 844 F. Supp. 929, 940 (S.D.N.Y. 1994) (a legal position is frivolous for purposes of Rule 11 if it is

clear under existing precedents that there is no chance of success and no reasonable argument to extend, modify or reverse the law as it stands). While the court was not persuaded by Defendant's arguments in support of a complete stay, I do not find that Ms. Hergert's motion was prompted by any illegitimate or improper motive. *Cf. Prows v. United States Department of Justice*, 1988 WL 8256, *2 (D.D.C. 1988) (denying a motion for Rule 11 sanctions which argued that defendant's renewed motion for stay of discovery represented a bad faith attempt to deprive plaintiff of requested document discovery and finding that defendant's actions were not interposed for an improper purpose).

In weighing Plaintiff's request for sanctions, I am also mindful that Defendant's motion for stay of discovery raises issues of pretrial management and judicial efficiency that fall within this court's discretion. Rule 11 sanctions have several purposes, including streamlining court dockets and facilitating case management. *See White v. General Motors Corp., Inc.*, 908 F.2d 675, 683 (10th Cir. 1990). Defendant Hergert cited those same objectives in her motion for stay. The Federal Rules of Civil Procedure give the court considerable discretion to manage the discovery process in a way that promotes the "just, speedy, and inexpensive determination of every action." *See* Fed.R.Civ.P. 1. Rule 26(c) permits the court to enter any order "which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." *See* Fed.R.Civ.P. 26(c). *Cf. Tilley v. United States*, 270 F. Supp.2d 731, 734 (M.D.N.C. 2003) (holding that a protective order under Rule 26(c) to stay discovery pending determination of a dispositive motion is an appropriate exercise of the court's discretion), *aff'd*, 85 Fed. Appx. 333 (4th Cir.), *cert. denied*, 125 S.Ct. 64 (2004); *Mason v. Regional Medical Center of Hopkins County*, 121 F.R.D. 300, 303 (W.D. Ky. 1988) (noting that the extent of

discovery and the use of protective orders is "clearly within the discretion of the trial judge"). In this case, Defendant argued that the court should exercise its discretion to avoid potentially duplicative or bifurcated discovery. While I declined to stay discovery, Ms. Hergert's concerns were not "frivolous" for purposes of Rule 11, particularly given the escalating costs associated with civil litigation.

In denying Greeley Publishing Company's Motion for Sanctions, I am struck by the time, energy, and expense expended in litigating the Rule 11 issues. Collectively, the parties have devoted 80 pages of briefing, exclusive of exhibits, to the issue of sanctions.[3] From the court's perspective, these efforts have not materially advanced the litigation or any party's interests. Counsel are reminded that Rule 11 should never be used as a litigation tactic. *See Caribbean Wholesales and Service Corp. v. U.S. JVC Corp.*, 2000 WL 964948 (S.D.N.Y. 2000). *Cf. Rateree v. Rockett*, 630 F. Supp. 763, 778 n.26 (N.D. Ill. 1986) ("an improper Rule 11 motion may well call into play the well known legal proposition that people who live in glass houses shouldn't throw stones"). Pragmatism is not inconsistent with energetic advocacy.

Accordingly, IT IS ORDERED that Plaintiff's Motion for Sanctions Pursuant to Rule 11(c)(1)(A) [#50], filed October 11, 2005, is DENIED.

DATED at Denver, Colorado, this 7th day of February, 2006.

BY THE COURT:

        s/Craig B. Shaffer
        United States Magistrate Judge

---

[3] By comparison, the parties required only 27 pages to fully brief Defendant Hergert's Motion for Stay of Proceedings Pending Determination of Eleventh Amendment Immunity.